IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAWIT N. DERESSE,**

        Petitioner,

  vs.                                              Civil Action 2:15-cv-2121
                                                           JUDGE SMITH
                                                           Magistrate Judge King

**WARDEN, MARION CORRECTIONAL
INSTITUTION,**

        **Respondent.**

## ORDER

This is petitioner's second action for a writ of habeas corpus pursuant to 28 U.S.C. §2254 challenging his drug-related convictions in the Licking County Court of Common Pleas. Petitioner's first action filed in this Court, *Dawitt N. Deresse v. Warden, Ross Correctional Institution,* 2:10-cv-1083 (S.D. Ohio), was dismissed on the basis of procedural default.  On May 28, 2015, the United States Magistrate Judge recommended that this action be transferred to the United States Court of Appeals for the Sixth Circuit as a second or successive petition in accordance with the procedures established in *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). *Report and Recommendation,* ECF 3.  This matter is now before the Court on Petitioner's objection to that recommendation.  *Objection,* ECF 4.  The Court has reviewed the matter *de novo. See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

Before a second or successive petition for a writ of habeas corpus can be filed in a district court, a petitioner must ask the appropriate circuit court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  However, it is only an action that follows an earlier decision "on the merits" that qualifies as a second or successive petition.

In his objections, petitioner appears to argue that he did not, in fact, procedurally default the claims sought to be presented on habeas corpus. However, a second, separate action is not the appropriate vehicle for challenging an earlier judgment.

Petitioner also contends that a dismissal on the basis of procedural default is not a decision "on the merits" that renders a later petition second or successive. It is true that a petition filed after an earlier dismissal for lack of jurisdiction or for failure to exhaust state court remedies does not qualify as a second or successive petition. *Slack v. McDaniel*, 529 U.S. 473, 487 (2000). However, as the Magistrate Judge noted, the United States Court of Appeals for the Sixth Circuit has expressly held that a dismissal based on procedural default is a decision on the merits. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000)("[W]e hold that because his initial § 2254 application was dismissed for unexcused procedural default and was therefore 'on the merits,' Cook's current application is a 'second or successive habeas corpus application' under § 2254(b)").

Because petitioner's current habeas petition is a second or successive petition, this Court lacks jurisdiction to consider the current petition unless and until the Court of Appeals so authorizes.

Petitioner's objection, *Objection*, ECF 4, **is DENIED**. The *Report and Recommendation*, ECF 3, is **ADOPTED AND AFFIRMED**. This action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a second or successive petition.

      *s/George C. Smith*
      **GEORGE C. SMITH, JUDGE**
      **UNITED STATES DISTRICT COURT**